Commonwealth *v.* Valerio (et al., Appellant).

Argued March 11, 1936.

Before KEL-LER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*William S. Bailey,* of *Bailey & Rupp,* for appellant.

*Carl B. Shelley,* Assistant District Attorney, with him *Karl E. Richards,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., April 27, 1936:

As this appeal is similar to that of the same surety company in the matter of the Revocation of the License of Catherine Kosutic, 122 Pa. Superior Ct. 104, 184 A. 683, we need not again discuss the first assignment of error. The questions of procedure raised thereby have been decided against appellant.

Here, as there, the court below revoked the license and also forfeited appellant's accompanying bond. The licensee neither answered the rule nor appeared at the hearing. No question is raised upon this appeal with respect to the legality or propriety of the original order revoking the license, but the validity, under the circumstances disclosed by this record, of the subsequent order forfeiting the bond is challenged under the second assignment.

The license was a malt liquor retailer's license issued by the county treasurer, under the provisions of the "Malt Liquor License Law" of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, (Special Session), to Lawrence Valerio for premises in Derry Township, Dauphin County, known as the "Triangle Restaurant." The procedure up to the point of the hearing upon the district attorney's petition for revocation of the license and forfeiture of the bond was identical with that followed in the Kosutic case.

At the hearing there was uncontroverted testimony by an enforcement officer that on August 28, 1934, while the restaurant was in charge of one Edward Tronio, beer was sold by him to two minors in violation of paragraph (b) of section 23 of the statute under which the license was granted. Both Valerio, the licensee, and Tronio were indicted in the Quarter Sessions of Dauphin County for these violations; Tronio pleaded guilty and was sentenced; Valerio was acquitted but directed to pay the costs.

As Valerio has not appealed from the order of revocation we are here concerned primarily with the averment of the district attorney's petition under which forfeiture of the bond, as well as revocation of the license, was sought.

It related to the sales involved in the criminal proceedings and was to the effect that Tronio in making these sales was acting as the agent of Valerio.

There was evidence at the hearing from which it could reasonably be found that Valerio when he applied for and obtained the license did not intend to exercise the privileges thereby granted personally. As he was employed at some distance from the restaurant and as there was serious doubt with relation to Tronio's ability to obtain a license, it was arranged that Valerio should make the application and give the bond, and that Tronio would be placed in charge of the restaurant if

a license should be granted. As stated by the enforcement officer at the hearing, Tronio was in active control of the premises and made the sales to the minors. It is a fair inference from the testimony offered in support of the above mentioned averment of the petition that Tronio was then acting as the agent of the licensee.

By section 23 of the statute it is provided that it shall be "unlawful for any licensee, or his or its servants, agents or employees to ...... sell, furnish or give any malt liquors ...... to any minor ......."

Upon a review of this record we are satisfied sufficient "proof" was "made to the court that the licensee", acting through his agent, violated one of the laws "of this Commonwealth relating to the sale of malt liquors." The court below was therefore fully justified in revoking the license.

Appellant agreed, by its bond, that "upon the revocation of the license ...... for any such violation during the continuance of said license the full amount of [its] bond [should] be due and payable." It has no just cause for complaint when called upon to comply with its obligation.

The orders revoking the license and forfeiting the bond are affirmed.